In the Matter of CARLYLE FINKELSTEIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 21, 1953.

*Frank H. Gordon* (*Frederick H. Block* of counsel; *James F. Gallagher* with him on the brief), for petitioner.

*Carlyle Finkelstein,* respondent in person.

*Per Curiam.* This disciplinary proceeding involves charges arising directly or indirectly from the relation of the respondent Finkelstein with a former client, one Michael Condax, now deceased.

In 1941, Condax and the respondent Finkelstein purchased a piece of real estate, taking title in the name of a domestic corporation (116 East 57th Street, Inc.), in which they held equal shares of stock. The property proved a profitable investment. In 1946, a new first mortgage was arranged on the property, sufficient to satisfy the existing mortgage and return all sums invested with a substantial profit to the investors.

In December, 1946, one Melba Condax Rozakis, a niece of Michael Condax, arrived in this country from Greece. Her father, John Condax, had died in Greece a short time before. Melba sought an accounting from Michael of certain funds alleged to be due her father. Finkelstein for a time represented both Michael and Melba. He prepared a document purporting to be a statement of account between Michael and John, and presented it to Melba. There is a dispute as to whether this account had been prepared by Finkelstein on information supplied by Michael or was based on Finkelstein's own knowledge. The account as rendered would have provided a benefit to Finkelstein personally. It found only $1,542.50 due to John and contained a provision to be approved by Melba that Michael pay this sum to Finkelstein for services in relation to the John

Condax estate. Finkelstein asked Melba to sign the account and consent to such payment, but she refused and rejected the statement of account. Thereupon he purported to find that the account was false and had been prepared by him from information furnished by Michael, which was grossly contrary to the facts.

In May, 1947, Finkelstein parted with Michael Condax and proceeded to represent only Mrs. Rozakis in an effort to compel a proper accounting by Condax. Thereafter, however, she retained other counsel, and eventually obtained a settlement with Michael, whereby she was paid about $18,750.

Thereupon litigation ensued between Finkelstein and Michael Condax concerning their joint interest in the real property aforesaid. There were also actions by Finkelstein against a receiver for the property, who also acted as Referee by consent, and against a Judge who decided phases of the litigation against him. Proceedings were likewise initiated by Finkelstein to inquire into the acts and conduct of the receiver's counsel as well as the receiver himself, which, however, were promptly dismissed. We note that there has developed an avalanche of litigation involving over twenty actions or proceedings instituted by the respondent against various parties, including attorneys and judicial officers.

When the present disciplinary proceedings were brought against Finkelstein, he countered by initiating similar proceedings involving twenty-six counts against opposing counsel. A Referee was appointed by this court to hear both sets of charges. The Referee has filed a report recommending dismissal of the charges against opposing counsel, which he characterizes as " plain rubbish ", but sustaining the charges against the respondent Finkelstein.

The first charge sustained is that the account prepared for Melba Rozakis was a falsified account containing information contrary to fact, which the respondent, imputed to his former client, Michael Condax. It was found that this was done either to defraud Mrs. Rozakis or in the furtherance of a scheme to entrap Condax.

The Referee further found the respondent guilty of misconduct under the second charge in that he defended and instituted actions against the interest of his former client in bad faith and repeatedly abused the process of the court by bringing actions without probable cause against opposing counsel and judicial officers in order to retaliate for decisions not to his liking.

The third charge was not sustained, and we refer to it only to note that the Referee did find that the respondent gave false testimony in defending this charge by claiming that he did not represent Mrs. Rozakis in preparing the account aforesaid.

The Referee sustained charge four insofar as the respondent commingled personal and corporate funds.

He sustained charge five relating to the execution of a false certificate of stock ownership and false stockholder's consent in connection with the mortgage on the 57th Street property, and that the respondent's explanation thereof was unworthy of belief.

He sustained charge 6b in that the respondent knowingly gave false testimony with respect to the fact that 116 East 57th Street, Inc. never had a bank account.

We confirm the Referee's report in all respects.

We find that the respondent's misconduct has been greatly aggravated by his persistence in the technique of bringing unjustified malicious charges and actions against all those who see fit to oppose or decide against him. He continues this technique in the very briefs filed in opposition to the application to confirm the Referee's report herein.

This is the second disciplinary proceeding brought against this respondent. On the previous occasion he was found guilty of professional misconduct in causing his wife to transfer certain parcels of real estate to himself during the continuance of a stay of execution procured by him after judgment against his wife in an action for personal injuries brought against her. The respondent at that time was suspended from practice for a period of three months (see 268 App. Div. 676).

The record in this case amply demonstrates a pattern of conduct that shows the respondent unworthy of continuance on the roll of attorneys at law, and he should be disbarred.

GLENNON, J. P., DORE, COHN and CALLAHAN, JJ., concur.

Respondent disbarred. [See post, p. 1029.]